[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 397.]

STARK COUNTY BAR ASSOCIATION *v*. MARK, A.K.A. MARKE.

[Cite as *Stark Cty. Bar Assn. v. Mark* (2000), 90 Ohio St.3d 397.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting an entrusted legal matter—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to carry out contract for professional services—Prejudicing or damaging client during course of professional relationship—Knowingly making a false statement of law or fact—Failing to cooperate in disciplinary investigation of grievance.*

(No. 00-783—Submitted July 6, 2000—Decided December 13, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-59.

————————

{¶ 1} On October 5, 1999, relator, Stark County Bar Association, filed an eight-count complaint charging respondent, Robert Mark, a.k.a. Robert Charles Marke, of Canton, Ohio, Attorney Registration No. 0063651, with numerous violations of the Code of Professional Responsibility. Unable to serve respondent with the complaint by certified mail, relator served respondent by filing a copy of the complaint with the Clerk of the Supreme Court as provided in Gov.Bar R. V(11)(B). Respondent failed to answer the complaint, and relator filed a motion for default which was referred to Master Commissioner Harry W. White.

{¶ 2} The master commissioner made the following findings. In January 1998, Vernon Monroe retained respondent to file a divorce action. Respondent did not file the action for three months, and when he failed to appear at the final pretrial conference, Monroe was required to represent himself.

**{¶ 3}** In December 1997, respondent filed a complaint in Stark County Common Pleas Court on behalf of Victor Windrel. As the trial date approached, Windrel was unable to contact respondent, and when he went to the court he found that, without his permission, respondent had dismissed his case.

**{¶ 4}** In June 1998, Anita Pennington engaged respondent to file a divorce proceeding and paid him a retainer of $525. Thereafter Pennington could not contact respondent, who had not filed the complaint.

**{¶ 5}** In addition, in December 1997, Alan Graf retained respondent to file a divorce action and paid him $200 of an agreed $800 retainer. Not only could Graf not contact respondent with respect to scheduled hearings, but respondent failed to appear at hearings. In December 1998, at a hearing about which respondent failed to notify Graf, the magistrate issued an order requiring Graf to make interim payments pending divorce.

**{¶ 6}** In August 1998, Lori Grand retained respondent and paid him $250 to file a bankruptcy case but thereafter was unable to contact respondent. In November, Jerry Lynne Johnson retained respondent to file a personal injury action, which respondent never filed. In June 1998, Robert Adkins retained respondent to represent him in a personal injury action. Respondent informed Adkins that he had settled the matter for $2,500, but Adkins never received any money.

**{¶ 7}** Finally, in 1998, respondent filed a personal injury action on behalf of Mike Binius. Binius did not hear from respondent after August 1998 and was unable to contact him by phone or certified mail with respect to the jury trial scheduled in his case in April 1999. Binius finally contacted another attorney, who obtained a continuance of the trial date.

**{¶ 8}** The master commissioner concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting upon the attorney's fitness to practice

2

law), 7-101(A)(2) (failing to carry out a contract for professional services), 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), 7-102(A)(5) (knowingly making a false statement of law or fact), and Gov.Bar R. V(4)(G) (failing to cooperate in the investigation of a grievance). The master commissioner recommended that the respondent be indefinitely suspended from the practice of law.

{¶ 9} The board adopted the findings, conclusions, and recommendation of the master commissioner.

_____

*Robert Daane* and *William W. Emley, Sr.*, for relator.

_____

*Per Curiam.*

{¶ 10} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____